

**NUMBER 13-14-00143-CR**

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**VICTOR XAVIER SNELL,**                                                    **APPELLANT,**

**v.**

**THE STATE OF TEXAS,**                                                      **APPELLEE.**

---

**On Appeal from the 275th District Court
of Hidalgo County, Texas.**

---

# ORDER OF ABATEMENT

**Before Justices Garza, Benavides, and Perkes
Order Per Curiam**

Appellant, Victor Xavier Snell, has filed a notice of appeal with this Court from his conviction in trial court cause number CR-2198-13-E. The trial court's certification of the defendant's right to appeal shows that the defendant does not have the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

On March 6, 2014, we ordered appellant's counsel, Juan Palacios Jr., to, within thirty days, review the record and advise this Court as to whether appellant has a right to appeal. *See* TEX. R. APP. P. 44.3, 44.4. No response to this Court's order has been received. Therefore, we ABATE this appeal and REMAND this cause to the trial court for a hearing to determine why counsel has failed to comply with this Court's order. The trial court's findings and conclusions shall be included in a supplemental clerk's record. The trial court shall file the supplemental clerk's record and reporter's record, if any, with the Clerk of this Court within thirty days of the date of this order.

If the trial court determines that counsel is unable to represent appellant in this matter, the trial court shall conduct a hearing to determine whether appellant desires to prosecute the appeal, whether appellant is indigent, and whether appellant is entitled to appointed counsel. *See Penson v. Ohio*, 488 U.S. 75, 83-84 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We further direct the trial court to issue findings of fact and conclusions of law regarding these issues. Should the trial court find that appellant desires to pursue this appeal, is indigent, and is entitled to appointed counsel, the trial court shall appoint counsel. If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the trial court's findings of fact and conclusions of law.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of May, 2014.

2